IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 11-cv-02258-WYD-MEH

PAMELA D. NOLAND and
CHRISTIAN S. NOLAND,

    Plaintiffs,

v.

ROSEMARY M. MURPHY, as Public Trustee of Montrose County, Colorado;
WELLS FARGO HOME MORTGAGE, INC., a California corporation;
THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK as successor in interest to J.P. Morgan Chase Bank N.A. as trustee for Credit Suisse First Boston Mortgage Backed Securities Trust 2003-29, a Delaware corporation;
MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Delaware corporation;
CAPITAL ONE BANK, a national banking institution, and the
INTERNAL REVENUE SERVICE OF THE UNITED STATES OF AMERICA,

    Defendants.

## ORDER REMANDING CASE

I.    INTRODUCTION

THIS MATTER is before the Court on Plaintiffs' Motion to Remand and Request for Attorney Fees, filed September 29, 2011 (ECF No. 13).  A response was filed on October 20, 2011 (ECF No. 21), and a reply was filed on November 7, 2011 (ECF No. 24).

II.    BACKGROUND

Plaintiffs Pamela and Christian Nodland ("Plaintiffs" or "the Nodlands") owned a tract of property located in Montrose County, Colorado.  To purchase the property, the Nodlands obtained financing from RBMG, Inc., whose successor in interest is the Bank

of New York Mellon, f/k/a the Bank of New York (the "Bank").  Wells Fargo services the mortgage on behalf of the Bank.

On November 2, 2009, the Bank obtained an order from the Montrose County District Court authorizing a foreclosure sale of the Nodland's property pursuant to C.R.C.P. 120.  The Nodlands worked with Wells Fargo to execute a mortgage modification through a federal program called the Home Affordable Modification Program ("HAMP"), and obtained assurances from Wells Fargo that the foreclosure process had been suspended.  Assurances aside, in June 2010, the Bank contacted the Public Trustee for Montrose County and instructed her to hold a foreclosure sale.  On July 28, 2010, the Public Trustee held the foreclosure sale and sold the property at public auction.  On August 12, 2010, the Montrose County District Court issued an Order Approving Sale of the property.  On August 18, 2010, a Confirmation Deed was issued by the Public Trustee.

On December 17, 2010, the Nodlands initiated this action in the Montrose County District Court, bringing claims of breach of contract, deceit based on fraud, and unjust enrichment.  Plaintiffs seek an order setting aside the foreclosure sale and reinstating the prior mortgage.

On August 26, 2011, Defendants filed a Notice of Removal with this Court, alleging that removal of this case was appropriate based on diversity jurisdiction, 28 U.S.C. § 1332(a), or in the alternative, based on federal question jurisdiction, 28 U.S.C. § 1331(a).  In the pending motion to remand, Plaintiffs request a remand of this case back to the Montrose County District Court, asserting that diversity jurisdiction does not apply as the Amended Complaint includes a non-diverse defendant, the Public

Trustee, or, in the alternative, that this Court should abstain under either the *Rooker-Feldman* or *Younger* abstention doctrines. Plaintiffs further contend that remand is appropriate because this Court lacks federal question jurisdiction.

For the reasons stated below, I agree with Plaintiffs that this Court is barred from adjudicating this action under the *Rooker-Feldman* doctrine, and I remand the case back to the state court. However, I decline to award attorney fees. Therefore, Plaintiffs' Motion to Remand and Request for Attorney Fees is GRANTED in part and DENIED in part as set forth below.

III.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Removal is limited to "those cases 'that originally could have been filed in federal court.'" *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987)). In addition, there is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "[S]ection 1441(c) operates to limit federal jurisdiction and 'all doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction.'" *Denver U.S. Nat. Bank v. Rippey*, 260 F. Supp. 717, 721 (D. Colo. 1966) (quoting *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957)). Further, "Defendants, as the parties seeking removal, have the burden of proving that federal jurisdiction is proper." *Plog v. Colorado Ass'n of Soil Conservation Districts*, 841 F. Supp. 350, 352 (D. Colo.

1993).

## IV. ANALYSIS

### A. The *Rooker-Feldman* Doctrine

Plaintiffs deny that Defendants have established subject matter jurisdiction based on diversity, but contend that even if the requirements of § 1332 were satisfied, the Court should abstain from adjudicating the action under either the *Rooker-Feldman* doctrine or the *Younger* abstention doctrine. Mot. at 3. I begin my analysis by assuming that Defendants have established diversity jurisdiction for the purpose of determining whether the Court should abstain from hearing the case.

The *Rooker-Feldman* doctrine is a jurisdictional prohibition based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The doctrine "precludes federal district courts from conducting appellate type review of state court judgments." *Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, No. 07-cv-00149, 2007 WL 1346591, at *2 (D. Colo. May 7, 2007) (citing *Bolden v. City of Topeka, Kansas,* 441 F.3d 1129, 1139 (10th Cir. 2006)). It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005); *accord Johnson v. DeGrandy,* 512 U.S. 997, 1005-06 (1994) (The *Rooker-Feldman* doctrine bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United

States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

The *Younger* abstention doctrine, by contrast, "applies when there is an ongoing state court proceeding, the state court provides an adequate forum for determining the claims asserted in the federal action, and the proceedings involve important state interests 'which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Beeler*, 2007 WL 1346591, at *2 (quoting *Chapman v. Oklahoma,* 472 F.3d 747, 749 (10th Cir.2006)). When a state court has approved the foreclosure sale -- the final order in the foreclosure process -- before the subsequent suit commences, there is no longer an "ongoing proceeding" for *Younger* purposes, and removal is properly challenged under the *Rooker-Feldman* doctrine. *See Brode v. Chase Home Finance, LLC*, No. 10-cv-00692, 2010 WL 2691693, at *6 (D. Colo. July 6, 2010). Here, because the state court issued the order approving the foreclosure sale on August 12, 2010, before this action was filed on December 17, 2010, I find that the *Rooker-Feldman* doctrine, rather than *Younger* abstention, applies.

In support of their argument that the *Rooker-Feldman* doctrine precludes this Court from hearing the case, Plaintiffs cite two fairly recent cases: *Beeler Properties, LLC v. Lowe Enterprises Residential Investors, LLC*, No. 07-cv-00149, 2007 WL 1346591 (D. Colo. May 7, 2007) and *Memphis Street, LLC v. Lowe Enterprises Residential Investors, LLC*, No. 07-cv-00150, 2007 WL 1456067 (D. Colo. May 15, 2007). In both cases, property owners attempted to set aside a public trustee's foreclosure sale of their property; in both cases, the defendant removed the action to this Court; and in both cases, this Court abstained from adjudicating the action based

on the *Rooker-Feldman* doctrine, or in the alternative, the *Younger* abstention doctrine.

Defendants contend, however, that the *Rooker-Feldman* doctrine only "applies when litigants allege that a state court ruling has directly caused their injuries," and here, "Plaintiffs' claims focus only on the alleged conduct of Wells Fargo, and do not seek to directly challenge any allegedly defective rulings by the state court." Resp. at 2. In support of this argument, Defendants cite two cases: *Rousseau v. Bank of New York*, No. 08-cv-00205, 2009 WL 3162153 (D. Colo. September 29, 2009); and *Kelly v. Wolpoff & Abramson, LLP*, No. 07-cv-00091, 2007 WL 2381536 (D. Colo. August 17, 2007). Resp. at 12-13. In both *Rousseau* and *Kelly*, this Court held that federal actions which asserted claims contrary to Colorado state court orders authorizing foreclosure sales were not subject to dismissal under *Rooker-Feldman* because they did not directly challenge the state court's ruling.

I find this case to be distinguishable from both *Rousseau* and *Kelly*. The plaintiffs in *Rousseau* and *Kelly* both brought claims for violations of the Fair Debt Collection Practices Act ("FDCPA") without actually seeking to have the state court decisions overturned. *Rousseau*, 2009 WL 3162153, at *4; *Kelly*, 2007 WL 2381536, at *5. Here, by contrast, Plaintiffs directly challenge the validity of the foreclosure order, and, in effect, bring this action as an appeal of the foreclosure process. Am. Compl. at ¶¶ 96-98; Reply at 3. As this Court held in *Beeler*, "[a]ctions that challenge the Rule 120 order and process are proceedings involving important state interests concerning title to real property located and determined by operation of state law. . . . [Therefore,] it is appropriate for the Colorado District Court rather than this Court to determine the issues presented in this matter." 2007 WL 1346591, at *3. Accordingly, I agree with Plaintiffs

that this Court must abstain from adjudicating this action under the *Rooker-Feldman* doctrine.

Because I find that abstention is warranted under the *Rooker-Feldman* doctrine, I need not determine whether the Defendants properly established diversity jurisdiction.

B.   Federal Question Jurisdiction

In addition to asserting diversity jurisdiction, Defendants contend that this Court has federal question jurisdiction over the action. As the United States Supreme Court has explained, "lower federal courts [have] jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). "The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson,* 478 U.S. 804, 813 (1986).

Defendants argue that Plaintiffs' Amended Complaint "seeks an order under C.R.C.P. 105 adjudicating them to be the fee simple owners of the subject property," and according to Colorado law, "good title in fee simple means the legal estate is in fee, free and clear of all claims, liens, and encumbrances whatsoever." Resp. at 15 (quoting *Campbell v. Summit Plaza Associates*, 192 P.3d 465, 473 (Colo. App. 2008)). Since there is a tax lien on the subject property, Defendants argue that the Amended Complaint necessarily seeks to extinguish that lien, thus raising a federal question. *Id.* at 16.

In response, Plaintiffs assert that the Amended Complaint does not seek to extinguish or otherwise amend the tax lien. Mot. at 5. The Amended Complaint specifically states that Plaintiffs seek "a complete *adjudication of the rights of all parties* under Rule 105 to determine that the Nodlands are the fee title owners to the property." Am. Compl. at ¶ 99 (emphasis added). The precise relief sought is an adjudication of Plaintiffs' property rights, thus Defendants' argument that Plaintiffs are seeking to extinguish a federal tax lien is too attenuated to be persuasive. Moreover, Plaintiffs have stipulated with the IRS that if Plaintiffs are successful in this action, the tax lien will remain on the property, therefore "there is no dispute to be litigated between Plaintiffs and the IRS which would trigger federal question jurisdiction." Reply at 5-6. I agree with Plaintiffs and find that there is no federal question that would confer jurisdiction on this Court.

    C.    Attorney Fees

Finally, Plaintiffs request attorney fees given that Defendants have twice removed this case to federal court, stalling the litigation for nearly a year. In the Tenth Circuit, whether to award attorney fees and costs under 28 U.S.C. § 1447(c) when a case is remanded to state court is within the sound discretion of the district court. *Wallic v. Owens-Corning Fiberglass Corp.*, 40 F. Supp. 2d 1185, 1189 (D. Colo. 1999) (citing *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1353 (10th Cir. 1997)). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, Plaintiffs have not

-9-

demonstrated that the removal was objectively unreasonable, so although I am granting the motion to remand the case back to state court, I deny Plaintiff's request for attorney fees.

V.      CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiffs' Motion to Remand and Request for Attorney Fees, filed September 29, 2011 (ECF No. 13), is **GRANTED IN PART and DENIED IN PART.** The motion is **GRANTED** to the extent that this matter is remanded back to the state court. The motion is **DENIED** in all other respects. It is

FURTHER ORDERED that the Clerk of Court is directed to **REMAND** this action to the Montrose County District Court from which the case was removed.

Dated:  November 30, 2011

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge